**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JAMES GADSEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-02634-SHL-cgc |
| | ) | |
| WARDEN, FCI-MEMPHIS, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET; GRANTING RESPONDENT'S MOTION TO DISMISS; DISMISSING § 2241 PETITION WITH PREJUDICE; CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH; DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Before the Court is pro se Petitioner James Gadsen's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("§ 2241 Petition").[1] (ECF No. 2.) Respondent Warden, FCI-Memphis filed a Motion to Dismiss or, in the Alternative, for Summary Judgment ("Motion to Dismiss"). (ECF No. 8.) Gadsen did not file a response, and the time to do so has expired. (See ECF No. 7.)

[1] At the time Gadsen filed his § 2241 Petition, he was an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI-Memphis"). (ECF No. 2 at PageID 2.) Gadsen is currently serving the remainder of his sentence under the supervision of the Residential Reentry Management field office in Miami, Florida. See Federal Bureau of Prisons, Find an Inmate (Register No. 16558-104) (last accessed Nov. 16, 2026). His transfer to a halfway house does not deprive this Court of jurisdiction under § 2241's "immediate custodian" provision because at the time Gadsen filed his petition, he was confined within this district. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction."). Given Gadsen's change in address, the Clerk **SHALL** modify the docket to update Petitioner's address and send this order to:

James Gadsen, Register No. 16558-104
Dismas Charities RRC
141 N.W. 1st Avenue
Dania Beach, FL 33004

For the reasons outlined below, Respondent's Motion to Dismiss is **GRANTED**, and the § 2241 Petition is **DISMISSED WITH PREJUDICE**.

## BACKGROUND

Gadsen pleaded guilty and was convicted of possession with intent to distribute cocaine, oxycodone, and fentanyl in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). (ECF No. 8-1 at PageID 36.) He was sentenced to 37 months of imprisonment, followed by a three-year term of supervised release. (Id.)

While imprisoned, Gadsen requested review of his early release eligibility under 18 U.S.C. § 3621(e) for successful completion of the Residential Drug Treatment Program ("RDAP").[2] (ECF No. 8-1 at PageID 45.) The Bureau of Prisons ("BOP") determined that Gadsen was not eligible for early release because his sentence included a two-level enhancement under U.S.S.G. § 2D1.1(b)(1) for possession of a firearm.[3] (Id. at PageID 45, 48 (first citing Program Statement 5162.05, Section 4(b), then citing 28 C.F.R. § 550.55(b)(5)(ii)).)

On June 2, 2026, Gadsen filed the instant § 2241 Petition. (ECF No. 2.) He alleges that the BOP wrongfully denied him a one-year sentence reduction for successfully completing RDAP. (Id. at PageID 3.) According to Gadsen, the BOP erroneously categorized his drug offense as a "crime of violence" under § 550.55(b)(5)(ii) based on the sentence enhancement he received under § 2D1.1(b)(1) for possessing a firearm. (Id.)

On July 23, 2026, Respondent filed a Motion to Dismiss the § 2241 Petition under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 8.) Respondent's motion is

[2] Gadsen is congratulated for successfully completing RDAP.

[3] The BOP's regulation denies early release under § 3621(e)(2)(B) to several categories of inmates, including inmates "who have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." § 550.55(b)(5)(ii).

supported by the Declaration of Latoya Jackson, the Warden's Secretary and the Administrative Remedy Clerk for FCI-Memphis, who has access to Gadsen's official records, including his CICLOPS Report, which is also attached.[4] (ECF No. 8-1 at PageID 28-32, 36-42.) Respondent argues that the Court should dismiss the § 2241 Petition because: (1) Gadsen has failed to exhaust his administrative remedies with the BOP, (2) the Court lacks subject matter jurisdiction over Gadsen's challenge to the BOP's discretionary denial of early release under § 3621(e), and (3) the BOP properly determined that Gadsen's sentence enhancement under § 2D1.1(b)(1) renders him ineligible to receive a sentence reduction under § 3621(e)(2)(B). (ECF No. 8 at PageID 13.)

## ANALYSIS

A. Subject Matter Jurisdiction

Consideration of subject matter jurisdiction must come first. Generally, agency actions are subject to judicial review unless a statute precludes judicial review or agency action is committed to agency discretion by law. Heckler v. Chaney, 470 U.S. 821, 828 (1985). Judicial review of administrative action should not be withheld absent "clear and convincing evidence" of Congress' intent to restrict judicial review. Id. at 830 (citation omitted).

18 U.S.C. § 3621(e) was enacted as part of the Sentencing Reform Act of 1984, and requires the BOP to provide RDAP services, while also granting the BOP discretion to determine whether a prisoner is eligible for early release upon successful completion of RDAP. Rea v. Sniezek, No. 4:06-cv-2424, 2007 WL 427038, *3 (N.D. Ohio Feb. 2, 2007). Another provision of the Sentencing Reform Act, 18 U.S.C. § 3625, provides that "sections . . . 701 through 706 of

---

[4] According to Jackson's declaration, CICLOPS is the "central database for storing, updating, and processing inmate information." (ECF No. 8-1 at PageID 30.) Jackson declares that "[a]ll [administrative remedy] submissions received . . . , whether accepted or rejected, are entered into CICLOPS." (Id.)

[the Administrative Procedures Act ("APA")] do not apply to the making of any determination, decision, or order under this subchapter," which includes § 3621(e). Id. (citation omitted.) Those sections of the APA, 701 through 706, "govern judicial review of agency action." Id. In other words, the Sentencing Reform Act, in section 3625, explicitly states "that the APA does not apply to decisions made under section 3621(e)." Id.

However, even when Congress has removed an agency's decision-making from judicial scrutiny, as was done with this provision of the Sentencing Reform Act, courts still maintain subject matter jurisdiction to review whether an agency "acted outside its statutory limits or violated the [C]onstitution." Id. (citing Wallace v. Christensen, 802 F.2d 1539, 1551–52 (9th Cir. 1986). That means that the BOP's "individualized determinations" regarding RDAP eligibility "are not reviewable" under the APA, but that "categorical challenges to how the BOP interprets its own regulations are reviewable." Moreno v. Ives, 842 F. App'x 18, 20 (9th Cir. 2020) (Mem.) (citation omitted); see also Harrison v. Lamanna, 19 F. App'x 342 (6th Cir. 2001) (Mem.) (affirming district court's denial of habeas petition on the ground that the BOP could categorically exclude from drug treatment sentence reduction program those inmates whose crime was related to firearms).

Here, the Court has subject matter jurisdiction to the extent Gadsen challenges the BOP's application of § 550.55(b)(5)(ii) to categorically deny RDAP early release to inmates, like Gadsen, who received a sentence enhancement under § 2D1.1(b)(1) for possessing a firearm. (See ECF No. 2 at PageID 3.) Such a claim constitutes a "categorical challenge[] to how [the] BOP interprets its own regulations," and is consequently subject to judicial review. Therefore, the Court has jurisdiction to consider Gadsen's § 2241 Petition. See Moreno, 842 F. App'x at 20; Harrison, 19 F. App'x at 342.

B. Exhaustion of Administrative Remedies

Respondent argues that the § 2241 Petition should be dismissed because Gadsen has failed to exhaust his administrative remedies. (ECF No. 8 at PageID 16.) Although § 2241 does not contain an express statutory exhaustion requirement, federal inmates must generally exhaust all administrative remedies available before filing a § 2241 petition. See Little v. Hopkins, 638 F.2d 953, 953–54 (6th Cir. 1981) (per curiam) ("It is well established that federal prisoners complaining of events or conditions relating to their custody must exhaust their administrative remedies before habeas relief may be granted." (citations omitted)).

The BOP has established a three-tiered Administrative Remedy Program by which an inmate may progressively redress grievances at the institutional, Regional, and Central Office (national) levels.[5] See 28 C.F.R. §§ 542.10, et seq. "Complete exhaustion of administrative remedies is a prerequisite to seeking review of the BOP's calculation of sentencing credit." United States v. Singh, 52 F. App'x 711, 712 (6th Cir. 2002) (per curiam) (citing United States v. Westmoreland, 974 F.2d 736, 737–38 (6th Cir. 1992)).

A prisoner's failure to exhaust available administrative remedies "may be excused where pursuing such remedies would be futile or unable to afford the petitioner the relief he seeks." Fazzini v. Ne. Ohio Corr. Ctr., 473 F.3d 229, 236 (6th Cir. 2006) (citation omitted). Nonetheless, "[t]he Sixth Circuit requires some affirmative efforts to comply with the

---

[5] Under the BOP's tiered process, an inmate must first attempt to resolve his matter of concern informally with prison staff. 28 C.F.R. § 542.13(a). If informal resolution is not possible, the inmate may file a formal written Administrative Remedy Request with the facility's warden within 20 days of the incident forming the basis of the request. Id. § 542.14(a). If the inmate is dissatisfied with the warden's response, he may appeal to the regional director within 20 days of the date the warden signed the response. Id. § 542.15(a). If the prisoner is not satisfied with the regional director's response, he may submit an appeal to the BOP's general counsel within 30 days of the regional director's signed response. Id.

administrative procedures before analyzing whether the facility rendered these remedies unavailable." Napier v. Laurel Cnty., 636 F.3d 218, 223 (6th Cir. 2011) (citation omitted). A prisoner cannot "simply fail to file a grievance or abandon the process before completion and claim that he has exhausted his remedies or that it is futile for him to do so." Hartsfield v. Vidor, 199 F.3d 305, 309 (6th Cir. 1999).

Gadsen filed (or attempted to file) three administrative remedies with the BOP that addressed his eligibility for RDAP credit. (ECF No. 8-1 at PageID 31.) According to Jackson's declaration, only one of the three remedies was properly filed. (Id.) Gadsen first petitioned the Warden at FCI-Memphis on September 9, 2025, arguing that he was eligible for early release for completing RDAP. (Id. at PageID 46.) The Warden denied the remedy on September 12, 2025. (Id. at PageID 45.) He explained that because Gadsen had received a two-level sentence enhancement "for weapons," he was ineligible for early release under § 3621(e)(2)(B) "pursuant to [the] cited regulation [§ 550.55(b)(5)(ii)] and PS 5162.05, section 4.b." (Id.)

Gadsen appealed the Warden's denial of RDAP credit to the Regional Director for the Mid-Atlantic Regional Office on October 6, 2025. (Id. at PageID 31.) The Regional Director rejected the appeal on November 18, 2025, because it was untimely. (Id.)

On December 19, 2025, Gadsen appealed the denial of RDAP credit to the Office of General Counsel. (Id.) This appeal was rejected for the same reason as the Regional Director's denial, but Gadsen was informed that he could resubmit the appeal with a memorandum explaining why its untimeliness was not his fault. (Id. at PageID 42.) Gadsen did not follow those instructions. (Id. at PageID 32.)

Although Gadsen began the administrative remedy process, he did not fully exhaust the remedies available to him. However, it appears, that exhaustion would be futile in Gadsen's case given the BOP's position that his receipt of a two-level sentence enhancement "for weapons"

renders him ineligible for RDAP early release. (ECF No. 8-1 at PageID 45.) Ultimately, because the Court agrees with Respondent's alternative argument that the § 2241 Petition should be denied on the merits, the Court need not decide the exhaustion issue.

C. The BOP's Discretion

Under § 3621(e)(2)(B), the BOP has discretion to reduce an inmate's sentence by up to one year if the inmate was convicted of a nonviolent offense and successfully completed a substance abuse treatment program. The BOP, as an exercise of its discretion, has deemed certain inmates ineligible for early release under § 3621(e)(2)(B), including those "who have a current felony conviction for . . . [a]n offense that involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives." § 550.55(b)(5)(ii). Consistent with § 550.55(b), Program Statement 5162.05, Section 4(b) states that inmates with the "Specific Offense Characteristic" of possession of a dangerous weapon during the commission of a drug offense are ineligible for RDAP early release.[6]

Gadsen was convicted of possession with intent to distribute cocaine, oxycodone, and fentanyl. (ECF No. 8-1 at PageID 36.) His sentence was enhanced under § 2D1.1(b)(1) for possession of a firearm. (Id. at PageID 45, 48.) The BOP determined that under § 550.55(b)(5)(ii) and Program Statement 5162.05, Gadsen was not eligible for early release for completing RDAP because his sentence was enhanced under § 2D1.1(b)(1) for possession of a firearm. (Id.)

[6] The Court notes that the BOP updated Program Statement 5162.05 on March 16, 2026, replacing it with Program Statement 5162.06. On September 3, 2026, Program Statement 5162.06 was superseded by Program Statement 5162.07. See Categorization of Offenses, Federal Bureau of Prisons, https://www.bop.gov/policy/progstat/5162_007.pdf (last accessed Nov. 16, 2026). The amendment does not change the analysis herein.

Gadsen asserts that the BOP erroneously categorized his drug offense as a "crime of violence" based on the sentence enhancement. (ECF No. 2 at PageID 3.) The fate of his argument is controlled by the Supreme Court's decision in Lopez v. Davis, 531 U.S. 230 (2001). The petitioner in Lopez, like Gadsen, was convicted of a felony drug offense and received a sentence enhancement under § 2D1.1(b)(1) for possession of a firearm. Id. at 236. The BOP found that he "qualified for its residential drug abuse program," but that he was "categorically ineligible . . . for early release" under an earlier version of the BOP regulation at issue. Id. The Supreme Court held that the BOP regulation, which categorically denied RDAP early release to inmates "whose current offense is a felony involving a firearm," was an appropriate exercise of discretion. Id. at 238, 244.

Gadsen argues that, after the Supreme Court's decision in Loper Bright Enters. v. Raimondo, 603 U.S. 369 (2024), "the BOP's reliance on [§ 550.55(b)(5)(ii)] and Program Statement [5162.05] [to deny a sentence reduction under § 3621(e)(2)(B)] receives no deference." (ECF No. 2 at PageID 6.) Loper Bright overruled Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837 (1984), which had permitted courts to defer to agency interpretations of statutes when faced with statutory ambiguity. Loper Bright, 467 U.S. at 412–13. Unfortunately for Gadsen, Loper Bright provides no basis for relief.

The Supreme Court explicitly stated in Loper Bright that its decision did not "call into question" prior decisions, like Lopez, that relied on the Chevron framework, and that those holdings remain good law under the doctrine of stare decisis. See Id. at 376. Furthermore, and more critically, in determining that Gadsen was ineligible for early release, the BOP did not engage in the type of statutory interpretation at issue in Loper Bright. In Lopez, the Supreme Court made clear that "in promulgating the policy by which it denies a sentence reduction if the offense involved the possession of a firearm, the BOP was not interpreting the term 'nonviolent

offense,' but was instead acting pursuant to its discretion concerning whether to grant sentence reductions under [§ 3621(e)(2)(B)]." Lowmaster v. Dir., Bureau of Prisons, No. 24-3178-JWL, 2024 WL 5135970, at *3 (D. Kan. Dec. 17, 2024). Thus, Lopez remains good law and compels the conclusion that the BOP's categorical refusal to grant RDAP sentence reductions to inmates, like Gadsen, who were convicted of crimes involving firearms is valid.

The BOP appropriately exercised its discretion in determining that Gadsen was ineligible for RDAP early release because his sentence was enhanced under § 2D1.1(b)(1) for possession of a firearm. Therefore, the Motion to Dismiss is **GRANTED** and the § 2241 Petition is **DISMISSED WITH PREJUDICE**.

## APPELLATE ISSUES

A federal prisoner seeking relief under § 2241 need not obtain a certificate of appealability under 28 U.S.C. § 2253(c)(1) to challenge the denial of his petition. See Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (explaining that § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the filing fee required by 28 U.S.C. §§ 1913 and 1917. To appeal in forma pauperis in a § 2241 proceeding, the petitioner must obtain pauper status under Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997). Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). If the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the petitioner must move to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)–(5).

Because the BOP appropriately exercised its discretion in determining that Gadsen was ineligible for RDAP early release under § 3621(e)(2)(B), the Court finds that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Rule 24(a) that any appeal would not be taken in good faith and **DENIES** Petitioner leave to appeal in forma pauperis.

**IT IS SO ORDERED**, this 24th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE